## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Michael A. Dawes,

         Plaintiff,

v.

John Doe, et al.,

         Defendants.

No. CV 06-1287 PHX-PGR (JM)

**REPORT AND RECOMMENDATION**

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Pending before the Court are Defendant Jeffrey Brandenberger's Motion for Summary Judgment [Docket No. 30] and Plaintiff Michael Dawes' Motion to Amend/Correct Complaint [Docket No. 43]. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant the Defendant's Motion for Summary Judgment and grant the Plaintiff's Motion for Leave to Amend (subject to the limitations described herein).

**I.      Factual and Procedural Background**

On November 16, 2005, Phoenix police officers responded to a Kmart store at 336 East Baseline road in Phoenix, Arizona. (Defendant's Statement of Facts ("DSOF"), ¶ 1. Defendant Brandenberger, an officer with the Phoenix Police Department, was called to the location to assist other officers who were investigating an armed robbery in which the Plaintiff was involved. *Id.*, ¶ 2.

Upon arriving at the scene, Officer Brandenberger contacted a cashier who was a witness to the robbery and took his statement. *Id.,* ¶ 3. Officer Brandenberger then made

contact with Kmart's Loss Prevention Officer, another witness to the crime, and took his statement. *Id.,* ¶ 4. Officer Brandenberger then transported the witnesses to First Avenue and Ardmore Street, where they identified the suspects who were being held in relation to the robbery. *Id.,* ¶ 5. Officer Brandenberger then transported these two witnesses back to the Kmart store, along with the stolen merchandise recovered from the van in which the Plaintiff was captured. *Id.,* ¶ 6.

In his original Complaint, Plaintiff named nine defendants. In its screening order, the District Court dismissed eight of the defendants, requiring only Officer Brandenberger to answer the Complaint. Plaintiff alleged that Officer Brandenberger had violated his constitutional right by driving Plaintiff's van into the rear of the police car Plaintiff was sitting in, causing Plaintiff back, neck and spinal injuries, and thereafter refused to take Plaintiff to see a doctor for treatment. However, after Officer Brandenberger filed his Motion for Summary Judgment, Plaintiff filed a motion for leave of court to file an amended complaint. In the proposed amended complaint, which is dated December 14, 2006 and lodged at Docket Number 45, the Plaintiff has alleged that the van was not driven by Officer Brandenberger, but by Officer George Contreras. The proposed amended complaint also names Officer Brandenberger, Police Chief John Doe, Sergeant Jeffery Chapman, and Officer Jose Garcia as defendants.

**II.     Motion For Summary Judgment**

In his Motion for Summary Judgment, Officer Brandenberger asserts that at no time during the arrest was Plaintiff in his patrol car. DSOF, ¶ 7. Officer Brandenberger also asserts that he did not at any time drive Plaintiff's van. *Id.*, ¶ 8. Plaintiff's allegations in his proposed amended complaint do not contradict these assertions. In the amended complaint, he attributes statements to Officer Contreras that were originally attributed to Officer Brandenberger. In fact, the only allegations against Officer Brandenberger that remain in the amended complaint are that he "failed to make sure [Plaintiff] was taken was taken for immediate medical attention." However, this allegation does not connect Officer

1  Brandenberger to the events except in his capacity as a supervisor. There are no allegations
2  in the amended complaint or in any of Plaintiff's responses to the Motion for Summary
3  Judgment that identify any other potential basis for relief. As a defendant's position as a
4  supervisor of a person who allegedly violated a plaintiff's constitutional rights does not
5  impose liability, *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978); *Taylor v. List*, 880 F.2d
6  1040, 1045 (9th Cir. 1989), there is no basis in the amended complaint or other pleadings that
7  create a triable issue of fact on any claim against Officer Brandenberger. *See* Fed.R.Civ.P.,
8  56(c). Accordingly, the Magistrate Judge recommends that Officer Brandenberger's Motion
9  for Summary Judgment be granted.

### III.    Motion for Leave to Amend

In his Motion for Leave to Amend the Complaint, Plaintiff alleges that he "has newly discovered evidence that Officer George Contreras was driving the van that caused the impact to the Phoenix Police car that [he] was in," and that it was Contreras who caused his injuries and "refused [him] medical treatment after [the] accident." The motion was filed before the January 12, 2007, deadline set in the Scheduling Order. Docket No. 28. Additionally, federal policy strongly favors the determination of cases on their merits, and there has been no showing of undue prejudice, bad faith, or a dilatory motive on Plaintiff's part. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). Accordingly, insofar as it relates to Officer Contreras, the Magistrate Judge recommends that leave be granted for the filing of the amended complaint.

As indicated above, however, the amended complaint, in addition to the allegations against Officers Brandenberger and Contreras, which have been addressed, also includes as defendants Police Chief John Doe, Sergeant Jeffery Chapman and Officer Jose Garcia. The allegations against Sergeant Chapman are identical to those alleged against Officer Brandenberger and are equally inadequate to support a violation of Plaintiff's constitutional rights. Similarly, the allegations against Police Chief Doe implicate him only in a supervisory capacity and therefore also fail to state a claim. Finally, there are no allegations

of exactly what Officer Garcia did or failed to do or how he is alleged to have been connected to the deprivation of Plaintiff's constitutional rights. As such, he to is entitled to be dismissed from the action. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Accordingly, the Magistrate Judge recommends that only Defendant Contreras be required to answer the amended complaint.

**IV.    Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **granting** Defendant Brandenberger's Motion for Summary Judgment [Docket No. 30].

The Magistrate Judge further **recommends** that the District Court issue an Order **granting** Plaintiff's Motion for Leave to Amend [Docket No. 43] according to the terms set-forth herein above, and further order that the amended complaint be filed by the Clerk of the Court and served upon Officer Contreras.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-1287-PHX-PGR**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 18th day of January, 2007.

_____
Jacqueline Marshall
United States Magistrate Judge

4