**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Dawes,<br><br>        Plaintiff,<br><br>vs.<br><br>John Doe, et al.,<br><br>        Defendants. | No. CV-06-1287-PHX-PGR (JJM)<br><br><u>ORDER</u> |

      Pending before the Court is Magistrate Judge Marshall's Report and Recommendation (doc. #59), wherein she recommends that Defendant Brandenberger's Motion for Summary Judgment (doc. #30) be granted and that the plaintiff's Motion [for] Leave [of] Court to Amend Complaint (doc. #43) be granted in part and denied in part.  The Court has reviewed the Report and Recommendation *de novo* notwithstanding that no party has filed any document formally designated as an objection to the Report and Recommendation.

      This civil rights action, filed pursuant to 42 U.S.C. § 1983, arises from the plaintiff's allegations that his back and neck were injured when, on the date of his arrest for robbery on November 16, 2005, a police officer moving his (the

- 1 -

plaintiff's) van crashed into the police car in which he was being detained and that his subsequent request to be then taken to be medically treated for his injuries was denied.  In its initial service order (doc. #3), the Court dismissed all defendants and claims in the plaintiff's original complaint except those in Counts I and II related to defendant Jeffrey Brandenberger.[1]  The plaintiff alleged in Count I that it was Sgt. Brandenberger who was the driver who caused the accident, and he alleged in Count Two that Sgt. Brandenberger refused to take him to a medical professional for treatment after he complained to Sgt. Brandenberger about suffering from back pain after the accident.

Summary Judgment Motion

The Court concludes that the Magistrate Judge correctly recommended that Sgt. Brandenberger's summary judgment motion, which is directed at the original complaint, be granted.  In his motion, Sgt. Brandenberger, supported by his first affidavit, specifically denied being the driver of the plaintiff's van at the time of the accident and, supported by his second affidavit, specifically denied that the plaintiff requested medical attention and specifically denied that he refused the plaintiff any type of medical care.   The plaintiff does not now contest Sgt. Brandenberger's account as the plaintiff's proposed amended complaint (docs. ##45 and 50) has substituted Officer George Contreras[2] as the named defendant in Counts I and II, directing at him all of the allegations previously

---

[1] The plaintiff mistakenly refers to Sgt. Brandenberger as "Brandonberger" in his original complaint and in his proposed amended complaint.

[2] The plaintiff mistakenly refers to Officer Contreras as "Contrearas" in the proposed amended complaint.

- 2 -

raised against Sgt. Brandenberger in Counts I and II of the original complaint.[3]

Motion to Amend Complaint

The plaintiff has moved to amend his complaint to allege claims against Officer Contreras, Sgt. Brandenberger, Sgt. Jeffrey Chapman, Officer Jose Garcia, and Chief of Police John Doe.[4] The Court further concludes that the result recommended by the Magistrate Judge, *i.e.* that the amended complaint be allowed to proceed solely against Officer Contreras is correct, although the Court reaches that result by allowing the amended complaint to be filed in its entirety and then screening it pursuant to 28 U.S.C. § 1915A.

The Court will allow this action to proceed against Officer Contreras given that the defense has stated that there is no objection to his inclusion. *See* doc. #86 at 2.

The Court will dismiss Officer Jose Garcia from the amended complaint pursuant to 28 U.S.C. § 1915A(b) because the amended complaint makes no actionable allegations as to him and thus fails to state a claim as to him, and because the plaintiff has stated that he has "no problem" with Officer Garcia not being included as a defendant in the amended complaint. *See* doc. #52 at 4.

---

[3] As the plaintiff states in his motion to amend his complaint (doc. #43):

> Plaintiff has newly discovered evidence that Officer George Contreras was driving the van that caused the inpact [sic] to the Phoenix Police car that Plaintiff was in. That caused aleged [sic] injuries to Plaintiff. And who refused Plaintiff medical treatment after accident.

The plaintiff makes essentially the same statement in other documents. *See e.g.* docs. ## 52 and 57.

[4] The plaintiff's proposed amended complaint was lodged twice, on December 14, 2006 (doc. #45) and again on January 3, 2007 (doc. #50). For purposes of this Order, the Court will refer to the latter as the amended complaint.

The Court will also dismiss Police Chief John Doe from this action pursuant to § 1915A(b). It is well established that since there is no vicarious liability under § 1983, a supervisor is liable for the constitutional violations of a subordinate only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Given that the plaintiff does not allege in the amended complaint any personal participation by Police Chief Doe in the alleged civil rights violations, or any knowledge by Police Chief Doe of those violations, stating instead that the police chief is subject to liability solely because he "is in charg[e] of the officers involved in violation of rights of Plaintiff. Failed to properly supervise them doing their duty[,]" the amended complaint fails to state a claim against Police Chief Doe.[5]

The Court will further dismiss Sgt. Brandenbeger and Sgt. Chapman from the amended complaint pursuant to § 1915A(b) for failure to state a claim. The plaintiff alleges in Count II of the amended complaint that these two supervisory officers violated his Eighth and Fourteenth Amendment rights because they saw the accident happen but failed to ensure that he was taken for immediate medical treatment, and the plaintiff alleges in Count III that Sgt. Chapman gave Officer Contreras permission to move his van and then failed to properly supervise Officer Contreras after the accident to make sure he received medical treatment.

Supervisory liability under § 1983 cannot attach where the allegation of liability is based merely on a supervisor's failure to act, Bass v. Robinson, 167

---

[5] The plaintiff has reiterated this sole basis for Police Chief Doe's inclusion in this action in subsequently filed documents. For example, the plaintiff states in his reply in support of his motion to amend (doc. #52) that "Phoenix Chief of Police John Doe should be added for not properly supervising his officers."

1  F.3d 1041, 1048 (6th Cir. 1999), or on his negligent failure to provide medical care
2  to a prisoner. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Rather, the
3  complaint must allege a violation of the standards of care applicable to the Eighth
4  Amendment. Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.
5  2002) (Court noted that a pretrial detainee's right to medical care derives from the
6  due process clause, which imposes, at a minimum, the same duty that the Eighth
7  Amendment imposes.)  In order to state an Eighth Amendment claim predicated
8  on an official's deliberate indifference to a prisoner's serious medical needs, the
9  prisoner must show that the official knew of and disregarded a substantial risk of
10 serious harm to his health or safety.   Farmer v. Brennan, 511 U.S. 825, 837, 114
11 S.Ct. 1970, 1978-79 (1994). This standard requires in part that the official be
12 subjectively aware of the medical risk to the prisoner; it is not sufficient that he
13 objectively should have recognized the danger but failed to do so.  Id.; Gibson,
14 290 F.3d at 1188.

15       The conclusory allegations of the amended complaint directed at Sgt.
16 Brandenberger and Sgt. Chapman, construed liberally in the plaintiff's favor, fail
17 to state an Eighth Amendment claim for denial of medical care since they do not
18 sufficiently allege that either of these defendants knew that the plaintiff had
19 suffered a sufficiently serious injury or that they had a sufficiently culpable state of
20 mind in denying him medical care.   Therefore,

21       IT IS ORDERED that the Magistrate Judge's Report and Recommendation
22 (doc. #59) is accepted and adopted by the Court as set forth herein.

23       IT IS FURTHER ORDERED that Defendant Brandenberger's Motion for
24 Summary Judgment (doc. #30) is granted.

25       IT IS FURTHER ORDERED that the plaintiff's Motion [for] Leave [of] Court

1  to Amend Complaint (doc. #43) is granted and that the Clerk of the Court shall file
2  and docket the plaintiff's amended complaint (doc. #50), lodged on January 3,
3  2007, as the plaintiff's First Amended Complaint.[6]

4  IT IS FURTHER ORDERED that defendant George Contrearas [sic -
5  Contreras] shall answer the allegations against him in Counts I and II of the First
6  Amended Complaint.

7  IT IS FURTHER ORDERED that defendants Police Chief Doe, Jeffrey
8  Brandonberger [sic - Brandenberger], Jeffery Chapman, and Jose Garcia are
9  dismissed from the First Amended Complaint and that Count III of the First
10 Amended Complaint is dismissed, all pursuant to 28 U.S.C. § 1915A(b)(1).

11 IT IS FURTHER ORDERED as follows:

12 (1) The Clerk of the Court shall send the plaintiff a service packet including
13 the First Amended Complaint (lodged as doc. #50), this Order, and both
14 summons and request for waiver forms for defendant George Contreras.

15 (2) The plaintiff shall complete and return the service packet to the Clerk of
16 the Court within 20 days of the filing of this Order.  The United States Marshal will
17 not provide service of process if the plaintiff fails to comply with this Order.

18 (3) If the plaintiff does not either obtain a waiver of service of the summons
19 or complete service of the summons and First Amended Complaint on defendant
20 Contreras within 120 days of the filing of the First Amended Complaint the action
21 may be dismissed pursuant to Fed.R.Civ.P. 4(m).

22 (4) The United States Marshal shall retain the summons, a copy of the First

---

[6] Although the amended complaint is marked as being the Second Amended Complaint, in actuality it will be the plaintiff's First Amended Complaint because the Court previously denied the plaintiff's first request to amend his complaint.

1 Amended Complaint, and a copy of this Order for future use.

2 (5) The United States Marshal shall notify defendant Contreras of the
3 commencement of this action and request waiver of service of the summons
4 pursuant to Fed.R.Civ.P. 4(d). The notice to defendant Contreras shall include a
5 copy of this Order. The Marshal shall file the waiver of service of the summons or
6 the request for waiver if returned as undeliverable as soon as it is received. If a
7 waiver of service of the summons is not returned by defendant Contreras within
8 30 days from the date the request for waiver was sent by the Marshal, the
9 Marshal shall:

10 (a) Personally serve copies of the summons, First Amended
11 Complaint, and this Order upon defendant Contreras pursuant to Fed.R.Civ.P.
12 4(c)(2);

13 (b) Within 10 days after personal service is effected, file the return of
14 service for defendant Contreras, along with evidence of the attempt to secure a
15 waiver of service of the summons and of the costs subsequently incurred in
16 effecting service upon him. The costs of service shall be enumerated on the
17 return of service form (USM-285) and shall include the costs incurred by the
18 Marshal for photocopying additional copies of the summons, First Amended
19 Complaint, or this Order and for preparing new process receipt and return forms
20 (USM-285), if required. Costs of personal service will be taxed against defendant
21 Contreras pursuant to Fed.R.Civ.P. 4(d)(2) and (5), unless otherwise ordered by
22 the Court.

23 (6) If defendant Contreras agrees to waive service of the summons and
24 First Amended Complaint, he shall return the signed waiver form to the United
25 States Marshal, not to the plaintiff.

(7) Defendant Contreras shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed.R.Civ.P. 12(a).

(8) This matter is referred to Magistrate Judge Jacqueline J. Marshall pursuant to LRCiv 72.1 and 72.2 for further proceedings.

DATED this 26th day of March, 2007.

Paul G. Rosenblatt
United States District Judge